IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | |
|---|---|
| KRISTIN KANE KELLER,<br><br>Plaintiff,<br><br>vs.<br><br>SGT. PETERSON,<br><br>Defendant. | CV-22-00051-H-SEH<br><br><br><br>ORDER |

Pending before the Court is Defendant Sergeant John Peterson's ("Peterson") motion for summary judgment.[1] As of this Order, Plaintiff Kristin Kane Keller ("Keller"), *pro se*, has not responded or submitted a Statement of Disputed Facts as required by L.R. 56.1(b).

## BACKGROUND[2]

On June 12, 2022, Peterson was on duty at Montana State Prison ("MSP"), Unit D,[3] when he received a call that Keller would not remove sunglasses he was

---

[1] Doc. 21.
[2] All material facts are deemed undisputed because Keller did not submit a Statement of Disputed Facts as required by L.R. 56.1(b) ("Failure to file a Statement of Disputed Facts will be deemed an admission that no material facts are in dispute.").
[3] Doc. 23 at ¶ 1.

wearing.[4] Petersen discovered that Keller was not authorized sunglasses and called him to the Unit D cage.[5] As Keller approached the cage, Peterson asked Keller to give him the sunglasses, instead, Keller stated "no" and started to move away from Peterson.[6] Peterson followed, and Keller continued to move away.[7] Peterson caught up and grabbed Keller's wheelchair by the handles and Keller went forward out of the chair.[8] Peterson held Keller's wheelchair as he sat back down in the wheelchair.[9]

Keller's sunglasses were confiscated, and he received a minor write-up.[10] Keller filed a formal grievance which stated that "Peterson knocked me out of my chair and hurt my Back and shoulders this happened 6-16-22 9:30 to 10:30 AM."[11] Keller was taken to the Deer Lodge Medical Center where multiple x-rays were taken.[12] Deer Lodge Medical Center concluded there is no evidence of acute injury to his lumbar spine or pelvis.[13]

---

[4] Doc. 23 at ¶ 2.
[5] Doc. 23 at ¶¶ 3–7.
[6] Doc. 23 at ¶¶ 8–12.
[7] Doc. 23 at ¶ 13.
[8] Doc. 23 at ¶¶ 14–15
[9] Doc. 23 at ¶ 16.
[10] Doc. 23 at ¶ 21.
[11] Doc. 23-6 at 1.
[12] Doc. 23 at ¶¶ 24–29.
[13] Doc. 23 at ¶¶ 28–29.

On June 27, 2022, Keller filed this action alleging Peterson used excessive force in violation of the Eighth Amendment.[14] Defendant appeared and moved for summary judgment.[15] Keller received an extension to respond and was ordered to do so on or before December 27, 2022.[16] As of this Order, Keller has not filed a response.

## LEGAL STANDARD

A motion for summary judgment may be granted if the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[17] "The moving party initially bears the burden of proving the absence of a genuine issue of material fact."[18] If the moving party establishes a lack of a genuine issues of material fact, the burden shifts the non-moving party to demonstrate that a genuine dispute of material fact does exist or that the moving party is not entitled to judgment as a matter of law.[19]

## ANALYSIS

Keller claims Peterson used excessive force in violation of the Eighth Amendment. Peterson argues the Court should grant summary judgment in his

---

[14] Doc. 2.
[15] Doc. 21.
[16] Doc. 31.
[17] Fed. R. Civ. P. 56(a).
[18] *In re Oracle Corp. Sec. Littig.*, 627 F.3d 376, 387 (9th Cir. 2010) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).
[19] *Id.*

3

favor for four reasons: (1) Peterson used *de minimis* force; (2) Keller cannot establish the requisite state of mind for an Eighth Amendment claim; (3) Keller cannot establish the objective prong of the Eighth Amendment claim; and (4) Peterson is entitled to qualified immunity.[20]

"[W]henever prison officials stand accused of using excessive physical force in violation of the [Eighth Amendment], the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."[21] If prison officials acted in response to an immediate disciplinary need, because of the risk of injury to inmates and prison employees and because prison officials will not have time to reflect on the nature of their actions, the "malicious and sadistic" standard applies.[22]

The Court has viewed the video of the alleged excessive force,[23] considered in context with Defendant's Statement of Undisputed Facts. The Court may use and has used the video of the alleged use of excessive force to assist in its determination of what a reasonable jury could conclude.[24]

I. *De Minimis* Force

---

[20] Doc. 24 at 2–3.
[21] *Hudson v. McMillian*, 503 U.S. 1, 6–7 (1992); *see Whitley v. Albers*, 475 U.S. 312, 320–21 (1986).
[22] *Rodriguez v. Cty. of Los Angeles*, 891 F.3d 776, 796 (9th Cir. 2018).
[23] Doc. 25, Exh. C.
[24] *Scott v. Harris*, 550 U.S. 372, 380–81 (2007).

4

Peterson argues he used *de minimis* force when he took hold of Keller's wheelchair. "[S]ubjective intent is critical in an Eighth Amendment analysis. More than *de minimis* force applied for no good faith law enforcement purpose violates the Eighth Amendment."[25] The Eighth Amendment "necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'"[26]

Peterson used *de minimis* force to confiscate Keller's unauthorized sunglasses. Keller tried to evade Peterson and prevent Peterson from confiscating his sunglasses. Peterson used reasonable force to stop Keller from moving away. Though Keller went forward out of his wheelchair, it was not "repugnant to the conscience of mankind."[27]

## II. The Eighth Amendment

Peterson argues Keller cannot establish the requisite state of mind or the objective prong of the Eighth Amendment claim. An Eighth Amendment claim requires both that (1) "the officials act[ed] with a sufficiently culpable state of mind," and that "the alleged wrongdoing was objectively 'harmful enough' to establish a constitutional violation."[28] When analyzing the objective prong a court

---

[25] *Rodriguez*, 891 F.3d at 797 (citations omitted).
[26] *Hudson*, 503 U.S. at 6–7 (1992) (quoting *Whitley*, 475 U.S. at 327).
[27] *Id.*
[28] *Id.* at 8.

5

should consider (1) the "extent of injury suffered;" (2) "the need for application of force;" (3) the relationship between that need and the amount of force used;" (4) "the threat 'reasonably perceived by the responsible officials;'" and (5) "'any efforts made to temper the severity of a forceful response.'"[29]

Peterson did not act with a sufficiently culpable state of mind to raise an Eighth Amendment claim. Peterson interacted with Keller because he, correctly, believed Keller was in wrongful possession of sunglasses. Initially, Peterson attempted to resolve the infraction by asking Keller for the sunglasses, but Keller ignored the request and moved away from Peterson. Keller's escalation made Peterson resort to physically stopping Keller before he could get away. Peterson held the wheelchair so Keller could get back in. Peterson was merely enforcing MSP policy in a reasonable manner.

Peterson's actions were not "objectively 'harmful enough'" to establish and Eighth Amendment claim.[30] Keller does not have any evidence of injury.[31] Peterson had to physically stop Keller because Keller ignored verbal commands.[32] Merely grabbing Keller's wheelchair by the handles is proportional to

---

[29] *Id.* at 7.
[30] *Id.* at 8.
[31] Doc. 23 at ¶¶ 28–29.
[32] Doc. 23 at ¶¶ 8–12.

6

unauthorized possession of sunglasses.[33] Peterson observed an MSP policy violation and disobedience of the policy, rather than a threat.[34] Peterson's first attempt to resolve the issue was through verbal commands. It only escalated after Keller ignored Peterson and continued moving away.[35]

Keller cannot establish the requisite state of mind or the objective prong of the Eighth Amendment claim.

### III. Qualified Immunity

Peterson argues he is entitled to qualified immunity. An official is entitled to qualified if his or her "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."[36] A court must first consider whether the facts "[t]aken in the light most favorable to the party asserting the injury . . . show [that] the [defendant's] conduct violated a constitutional right."[37] "If there is no constitutional violation, the inquiry ends and the officer is entitled to qualified immunity."[38]

Peterson did not commit a constitutional violation against Keller. He did not use excessive force to resolve an MSP policy violation.

---

[33] Doc. 23 at ¶¶ 2–16.
[34] Doc. 23 at ¶¶ 2–6.
[35] Doc. 23 at ¶¶ 8–12.
[36] *Kisela v. Hughes*, 138 S. Ct. 1148, 1152 (2018) (per curiam).
[37] *Saucier v. Katz*, 533 U.S. 194, 201 (2001).
[38] *Ioane v. Hodges*, 903 F.3d 929, 933 (9th Cir. 2018).

7

## CONCLUSION

The undisputed facts show Peterson did not use excessive force in his interaction with Keller in violation of the Eighth Amendment.

**ORDERED:**

1. The Motion for Summary Judgment[39] is **GRANTED.**

2. The Clerk of Court is directed to enter judgment under Fed. R. Civ. P. 58.

DATED this 27th day of January, 2023.

/s/ Sam E. Haddon
Sam E. Haddon
United States District Court

---

[39] Doc. 21.

8